Anoop Rajkumar, Pro-Se
73 Park Drive, Apt #16
Boston, MA 02215
650-331-7324
anooprajkumar@hotmail.com

**Filed**

MAR 2 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ANOOP RAJKUMAR, | \* |
| | \* |
| Plaintiff | \* |
| | \* |
| v. | \* |
| | \* |
| CISCO SYSTEMS, INC., WIPRO TECHNOLOGIES, INC., DELOITTE CONSULTING LLC, NAVAL MOHTA, VENU DHARMAPURI, KENNY PAUL and VARIOUS JOHN DOES, | \* |
| | \* |
| Defendants | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

### JURISDICTIONAL STATEMENT

1. This court has jurisdiction pursuant to 28 U.S.C. § 1331 as a federal question is involved, namely violations of 18 U.S.C. § 2520. Moreover, as plaintiff is a resident of Massachusetts and defendants are located in California, this court has jurisdiction pursuant to 28 U.S.C. § 1332.

2. The San Jose division of this court is the proper venue to hear this action as all defendants reside in Santa Clara County or thereabouts, and many of the claims arose within the confines of this division.

Complaint

## **PARTIES**

3. Plaintiff is a natural person who resides in Boston, Massachusetts. He formerly resided in Santa Clara County, California.

4. Defendant, Cisco Systems, Inc. (Cisco), is a corporation with a place of business in Santa Clara County, California.

5. The defendant, Wipro Technologies, Inc. (Wipro), is a corporation with a place of business located in Santa Clara County, California.

6. The defendant, Deloitte Consulting LLC (Deloitte), is a corporation with a place of business located in Alameda County, California.

7. The defendant, Naval Mohta, is an individual last known to be residing in Santa Clara County, California.

8. The defendant Venu Dharmapuri, is an individual last known to be residing in Santa Clara County, California, and a manager of defendant Cisco who, at all times relevant, reported to defendant Kenny Paul.

9. The defendant Kenny Paul is an individual residing in Santa Clara County, California and a senior manager of defendant Cisco.

10. The defendants, various John does, are individuals whose names are currently unknown to plaintiff.

11. Cisco Systems Inc, employed plaintiff from November, 2000 to September, 2005.

12. Wipro Technologies, Inc. setup plaintiff at his next assignment at J P Morgan Chase, Lowell, MA where he worked as a contractor.

13. Plaintiff worked as a contractor (independent contractor) for Deloitte from June, 2007 to October, 2007.

14. At all times relevant defendants, and each one of them, were the agents, servants, employees, business partners and joint ventures of each other in doing the things herein complained of, were acting within the course and scope of said agency, employment and joint venture, and are vicariously and directly liable for their own conduct and the conduct of each other in furtherance of said employment, agency and joint venture.

## COUNT I – 18 U.S.C. SECTION 2520

15. Beginning in approximately October 2004 and continuing though June, 2005 and thereafter, defendants Cisco, Venu Dharmapuri, Kenny Paul, Wipro, Naval Mohta and various John Does intercepted without authorization, plaintiff's oral, wire and/or electronic communications and caused such communications to be recorded and published to third parties, including his work place.

16. Defendant Wipro and its agents (John Does) planted listening devices in plaintiff's Massachusetts residence during 2006, intercepted his private oral electronic and wire communications and caused such communications to be published to others, including his workplace at JPMC, Lowell, MA.

17. Defendant Wipro and its agents (John Does) with full knowledge of plaintiff's ex employer Cisco, tapped his Internet connection and telephone connection at his Virginia residence during 2006 and 2007. This information was also used to prevent plaintiff from finding work and he could not work for more than 8 months.

18. Defendant Wipro and its agents and Cisco put audio and video surveillance devices between March 2007 and July 2007 during Plaintiffs stay in Santa Clara County.

## COUNT II – Invasion of Privacy

19. Plaintiff repeats the allegations of paragraphs 15, 16, 17 and 18 of this complaint.

Complaint

20. Plaintiff had a reasonable expectation of privacy concerning his personal and private conversations. In doing the acts herein above complained of, Defendants, and each of them, violated Plaintiff's reasonable expectation of privacy in violation of Article I, § I of the California Constitution and in violation of Massachusetts General Laws Chapter 214 § 1C.

21. Defendant Wipro and Cisco got Plaintiff followed starting July 2005 to till date to know about his whereabouts and to find out whom Plaintiff meets. This information was used by them for not only discussing plaintiff's personal/professional life with Plaintiff's friends and family members but also using them (family/friends/co-workers) for questioning Plaintiff for his future plan of action. Places where Plaintiff goes regularly like Car Rental / Coffee shop/ FedEx Kinko's/ Temple (Place of worship) were used, to do not only illegal surveillance but in a way harassing plaintiff so that he does not goes to these places.

### COUNT III – Intentional Infliction of Emotional Distress
(All Defendants Except Deloitte

22. Plaintiff repeats the allegations of paragraphs 15, 16, 17 and 18 of this complaint.

23. The actions of defendants exceeded the bounds of decency tolerated in civilized society and such actions were intended to and did inflict severe emotional distress on plaintiff (not compensable under workers compensation law).

24. The conduct of defendants, and each of them, was willful, malicious and intentional, and was designed to injure and damage Plaintiff, justifying an award of punitive and exemplary damages against defendants in amounts according to proof.

### COUNT IV – Intentional Infliction of Emotional Distress (Deloitte)

25. During the time that plaintiff performed services for Deloitte, that defendant conspired with defendant Wipro and various John Does to create a hostile work environment for plaintiff, by means of intentional actions designed to undermine plaintiff's work performance,

Complaint

including placing plaintiff under surveillance, causing him to be sexually harassed, and making it extremely difficult, if not impossible for him to perform his work assignments.

26. The actions of defendants exceeded the bounds of decency tolerated in civilized society and such actions were intended to and did inflict severe emotional distress on plaintiff (not compensable under workers compensation law).

## COUNT V – Trespass

27. Plaintiff repeats the allegations of paragraph 16, 17 and 18 of this complaint.

28. The actions of defendants as alleged above constituted an unlawful trespass onto plaintiff's residence and private property.

29. These actions were not onetime actions but were repeated again and again, which put plaintiff in extreme stressful condition. As a proximate result of said misconduct, Plaintiff has been caused to suffer general and special damages in amounts according to proof.

## COUNT VI – Defamation

30. Plaintiff incorporates herein by reference paragraphs 1 through 29 of the Complaint, the General Allegations, the First, Second, Third, Fourth and Fifth causes of Action as though set forth in full.

31. Between May 2005 and August 2005 Defendant Wipro, through its agents informed Cisco Systems that Plaintiff is divorced and Cisco Systems contacted plaintiff's friends inside and outside the plaintiff's work place. At that time Plaintiff's divorce case was under trial in a family court in India. Because of the recorded private conversations being distributed inside and outside the office Plaintiff's and his family's personal life was scrutinized each and every day inside his work place as well as outside between his friends.

Complaint

32. Between June 2006 and Aug 2006, Defendant Wipro, through its agents, informed J P Morgan Chase (where Plaintiff was working as contractor) that Plaintiff has been lying to them about his whereabouts, and he will be travelling to India in last week of June 2006. When Plaintiff did not go in June 2006, they reported to his managers that plaintiff will be travelling to India in July end and he is secretly getting married. Such statements made by defendant to J P Morgan Chase were false and made for the purpose of defaming Plaintiff and attacking Plaintiff's credibility.

33. The conduct of defendants, and each of them, was willful, malicious and intentional, and was designed to injure and damage Plaintiff, justifying an award of punitive and exemplary damages against defendants in amounts according to proof.

## COUNT VII – Job loss

34. Plaintiff incorporates herein by reference paragraphs 1 through 33 of the Complaint, the General Allegations, the First, Second, Third, Fourth, Fifth and Sixth causes of Action as though set forth in full.

35. As a result of said actions by defendant, Plaintiff had to leave three jobs in last 2 years. Every place he worked his credibility was deliberately undermined, environment was created so that he could not work harmoniously in a team environment and by spreading false information in the office, he is always kept undue pressure so that he leaves.

36. The conduct of defendants, and each of them, was willful, malicious and Intentional, and was designed to injure and damage Plaintiff, justifying an award of lost wages, lost experience, loss in future work prospects, compromises made by Plaintiff because of loss in

wages as well as an award of punitive and exemplary damages against defendants in amounts according to proof.

### Damages

37. Defendants' actions as alleged above from paragraphs 1 through 36 destroyed Plaintiffs life, damaged his reputation, put him under severe and extreme stress as well as emotional distress. Because of Job loss and then not being allowed to work because of business relationship problem between defendants, Plaintiff had to make everyday compromises. Their actions caused plaintiff general damages, special damages, exemplary and punitive damages, Cost of suit, award of prejudgment interest at the legal rate and such other and further damages as the Court deems prudent.

### PRAYER

Wherefore, plaintiff prays for judgment and an award of damages, both general, special and exemplary (punitive) in amounts according to proof, as well as an award to compensate plaintiff for loss of wages, loss of wages he will suffer in future, costs of suit, for prejudgment interest and for such other and further relief as the court deems just and proper.

### DEMAND FOR JURY TRIAL

The plaintiff demands a trial by jury with respect to each and every claim which is so triable.

Anoop Rajkumar, Pro-Se

Dated: March 22, 2008

Anoop Rajkumar
73 Park Drive, Apt #16
Boston, MA 02215
(650) 331-7324
anooprajkumar@hotmail.com

Complaint

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Anoop Rajkumar

## DEFENDANTS
Cisco Systems, Inc.
170 West Tasman Dr., San Jose, CA 95134, USA

**(b)** County of Residence of First Listed Plaintiff: suffolk County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Santa Clara County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Anoop Rajkumar, Pro-Se
73 Park Drive, Apt #16
Boston, MA 02215
Tel: 650-331-7324, Email: anooprajkumar@hotmail.com

ADR

Attorneys (If Known)

C08 01600 PVT

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. sec. 2520

Brief description of cause:
unlawful interception of communications

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☐ SAN FRANCISCO/OAKLAND    ☒ SAN JOSE

DATE: 03/22/2008

SIGNATURE OF ATTORNEY OF RECORD

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.