1  MORGAN, LEWIS & BOCKIUS LLP
   HOWARD HOLDERNESS, State Bar No. 169814
2  DENNIS J. SINCLITICO, JR., State Bar No. 240260
   One Market, Spear Street Tower
3  San Francisco, CA  94105-1126
   Tel: 415.442.1000
4  Fax: 415.442.1001
   E-mail: dsinclitico@morganlewis.com
5
   Attorneys for Defendants
6  Cisco Systems, Inc., Venu Dharmapuri, and Kenny
   Paul
7

8                 UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11

12 ANOOP RAJKUMAR,                        Case No. C08-01600-PVT

13             Plaintiff,                 **DEFENDANTS CISCO SYSTEMS, INC.,
                                          VENU DHARAMPURI, AND KENNY
14      vs.                               PAUL'S NOTICE OF MOTION AND
                                          MOTION TO DISMISS AND,
15 CISCO SYSTEMS, INC., VENU              ALTERNATIVELY, MOTION FOR A
   DHARMAPURI, and KENNY PAUL, et         MORE DEFINITE STATEMENT**
16 al.,
                                          Hearing Information
17            Defendants.                 Date: August 5, 2008
                                          Time: 10:00 a.m.
18                                        Place: Courtroom 5

19

20 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

21         YOU ARE HEREBY GIVEN NOTICE that on August 5, 2008, at 10:00 a.m., at 408

22 South 1st St., San Jose, California, in Courtroom 5, Defendants Cisco Systems, Inc., Venu

23 Dharmapuri, and Kenny Paul ("Cisco Defendants"), by and through their undersigned counsel,

24 will, and hereby do, move to dismiss this action, pursuant to Federal Rule of Civil Procedure

25 12(b)(6). Alternatively, the Cisco Defendants will, and hereby do, move to for a more definite

26 statement of the Complaint, pursuant to Federal Rule of Civil Procedure 12(e).

27         Dismissal is required here because (1) the Complaint fails to state facts sufficient to

28 support any claim for relief alleged by Plaintiff against the Cisco Defendants. Alternatively, a

1 more definite statement is required because, as worded, the Complaint is so vague so as to make it impossible for the Cisco Defendants to frame a responsive pleading.

This motion is based on this Notice of Motion and the Memorandum of Points and Authorities submitted herewith, all of the papers on file with this Court, and any oral argument that this Court may hear.

**ISSUES TO BE DECIDED [N.D. L.R. 7-4(a)(3)]**

1. Has Plaintiff pled facts sufficient to support a claim for a violation of 18 U.S.C. § 2510 *et seq.* against the Cisco Defendants?

2. Has Plaintiff pled facts sufficient to support a claim for "invasion of privacy" against the Cisco Defendants?

3. Has Plaintiff pled facts sufficient to support a claim for intentional infliction of emotional distress against the Cisco Defendants?

4. Has Plaintiff pled facts sufficient to support a claim for trespass against the Cisco Defendants?

5. Has Plaintiff pled facts sufficient to support a claim for defamation against the Cisco Defendants?

6. Has Plaintiff pled facts sufficient to support a claim for "job loss" against the Cisco Defendants?

7. Has Plaintiff pled any of his alleged claims such that the Cisco Defendants have a sufficient basis for framing a responsive pleading?

Dated: June 18, 2008

MORGAN, LEWIS & BOCKIUS LLP

By _____
Dennis J. Sinclitico, Jr.

Attorneys for Defendants
Cisco Systems, Inc., Venu Dharmapuri, and Kenny Paul

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Anoop Rajkumar has sued Defendants Cisco Systems, Inc. ("Cisco"), Kenny Paul, and Venu Dharmapuri (collectively, "Cisco Defendants") and alleged that each participated in a scheme to watch him, to tap his electronic communications and to record secretly his oral conversations. While the Complaint offers no motive for such activities, Cisco Defendants are alleged to have begun their spying in October 2004, while Mr. Rajkumar worked at Cisco, and continued that spying through 2007, two years after Mr. Rajkumar left Cisco. What "spying" precisely happened during this almost three year period is, however, not made clear in the Complaint, and it is this vagueness regarding core allegations that renders the Complaint impermissibly flawed.

Claims for relief cannot be based Plaintiff's conclusory statements concerning the Cisco Defendants' liability without allegations that demonstrate the nature, source and extent of his alleged claims. Without additional factual allegations, the Complaint fails to satisfy well-established pleading requirements and cannot withstand a motion to dismiss. Moreover, the Complaint is so lacking in factual specificity that a proper response is impossible. Accordingly, and alternatively, Cisco Defendants are entitled to a more definite statement of the Complaint.

## II. STATEMENT OF FACTS

Cisco is a worldwide leader in networking products for the Internet. Mr. Paul and Mr. Dharmpuri are current employees of Cisco in San Jose, California. Plaintiff is a former Cisco employee who left the company in 2005. On March 24, 2008, Plaintiff filed the instant Complaint against the Cisco Defendants alleging violations of the federal wiretapping statute and apparently related claims for trespass, intentional infliction of emotional distress, defamation, and "job loss." The Cisco Defendants were served with the Complaint on May 29, 2008. Mr. Paul, Mr. Dharmapuri and Cisco have consented to joint representation.

## III. ARGUMENT

### A. Plaintiff Has Not Met the Legal Standard Applicable To Motion to Dismiss Pursuant To FRCP 12(b)(6).

Dismissal under Rule 12(b)(6) is appropriate where the complaint fails to allege facts sufficient to support a cognizable legal theory that might entitle a plaintiff to relief. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). The "purpose of [the Rule] is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

The Supreme Court's recent decision in *Bell Atlantic v. Twombly* clarified the applicable standard for determining whether a complaint contains facts sufficient to survive a motion to dismiss. ___ U.S. ___, 127 S. Ct. 1955 (2007). The Court noted that while a complaint does not need "detailed" factual allegations, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]' to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964-65 (quoting *Papsan v. Allain*, 478 U.S. 265, 268 (1986)). Simply put, a complaint must contain a "statement of circumstances, occurrences, and events in support of the claim presented." *Id.* at 1965, n. 3.

As set forth in detail below, Plaintiff's conclusory allegations fail to satisfy the pleading standard set forth in *Twombly*.

#### 1. Plaintiff Has Failed to Allege Facts Sufficient to State a Claim for Violation of the Wiretap Act.

Plaintiff's First Claim alleges that the Cisco Defendants violated 18 U.S.C. § 2510 *et seq.* ("Wiretap Act"). A complaint which alleges a violation of the Wiretap Act is subject to the pleading requirements of Rule 12(b)(6). *Housley v. U.S.*, 35 F.3d 400, 401 (9th Cir. 1994). Thus, in order to state a claim for relief under the Act, a plaintiff must make factual allegations that defendant (1) intercepted, endeavored to intercept or procured any other person to intercept or endeavor to intercept, (2) any wire, oral, or electronic communication, and (3) did so intentionally. 18 U.S.C. § 2511(1)(c).

Here, however, the only allegations against these Cisco Defendants are the following:

> Beginning in approximately October 2004 and continuing though (sic) June, 2005 and thereafter, defendants Cisco, Venu Dharmapuri, Kenny Paul…intercepted without authorization, plaintiff's oral, wire, and/or electronic communications to be recorded and published to third parties, including his work place.[…]
>
> Defendant Wipro and its agents and Cisco put audio and video surveillance devices between March 2007 and July 2007 during Plaintiffs (sic) stay in Santa Clara County."[1]

Complaint at ¶¶ 15, 18.

In *Twombly*, the Court held that, in an antitrust case, "an allegation of parallel conduct and a bare assertion of conspiracy [did] not suffice" to sufficiently plead a violation of the Sherman Act. 127 S. Ct. at 1966. Here, Plaintiff's conclusory allegations are precisely the type of "formulaic recitation of a cause of action's elements" that the Court in *Twombly* held "will not do." *Id.* These allegations do not apprise the Cisco Defendants of the specific communications that were allegedly intercepted, the method by which these communications were allegedly intercepted, nor the means or content of any publication.

The Complaint's lack of specificity is particularly problematic given that Mr. Rajkumar is a former Cisco employee and claims that some of the allegedly wrongful conduct occurred at "his work place." Complaint at ¶ 15. If, for example, the gravamen of the Complaint is that Cisco Defendants monitored e-mail Plaintiff sent and received while at work or that Cisco Defendants "intercepted" stored communications (*e.g.*, voicemail), no claim would lie. *See Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 876-77 (9th Cir. 2002) (no violation of the Wiretap Act predicated on stored, voicemail communication). Though a plaintiff is not required to set forth each and every factual allegation that his claims are predicated upon, he must, at least, provide the "grounds" upon which his claims rest. *Twombly*, 127 S. Ct. at 1964-65. Plaintiff has failed to do so here. Accordingly, this First Claim should be dismissed.

---

[1] Though Plaintiff alleges that each of the Cisco Defendants was the agent, servant, employee, business partner and/or involved in a joint venture with all other defendants, it is unclear whether Paragraphs 16 and 17 of the Complaint impute that alleged misconduct to the Cisco Defendants.

2.  **Plaintiff Has Failed to Allege Facts Sufficient to State His Second Claim for Invasion of Privacy.**

Plaintiff's Second Claim alleges "Invasion of Privacy" against the Cisco Defendants. In support of this claim, Plaintiff re-alleges Paragraphs 15 and 18 above and also adds the following:

> Cisco got Plaintiff followed starting July 2005 to till date (sic) to know about his whereabouts and to find out whom Plaintiff meets. This information was used by them for not only discussing plaintiff's personal/professional life with Plaintiff's friends and family members but also using them (family/friends/co-workers) for questioning Plaintiff for his future plan of action. Places where Plaintiff goes regularly goes like Car Rental/Coffee shop/FedEx Kinko's/ Temple (place of worship) were used to do not only illegal surveillance but in a way harassing plaintiff so that he does not go to those places.

Complaint at ¶ 21.

There is no federal statute cited by Plaintiff in support of this claim for relief, so the Cisco Defendants assume that it is an attempt to assert a state law claim. California, however, does not recognize a cause of action for "invasion of privacy." Instead, invasion of privacy is parsed into four distinct torts: intrusion upon seclusion, public disclosure of private facts, false light, and appropriation. 4-46 *California Torts*, Matthew Bender & Co., § 46.01 (2008). None of these theories are, however, supported by the factual allegations made in the Complaint.

a.  **Plaintiff has failed to allege facts sufficient to state a claim for intrusion upon seclusion.**

An action for intrusion has two elements (1) intrusion into a private place, conversation, or matter (2) in a manner highly offensive to a reasonable person. *Shulman v. Group W Prods.*, 18 Cal. 4th 200, 231 (1998). "To prove actionable intrusion, the plaintiff must show the defendant penetrated some zone of objectively reasonable expectation of seclusion or solitude in the place, conversation or data source in question." *Id.*

The Complaint does not allege facts that support this necessary element of a claim for intrusion. Indeed, the facts alleged in Paragraph 21 suggest that Cisco Defendants "followed" Plaintiff to various public places to "know his whereabouts." There is no allegation of actual intrusion. Thus, even if true - and Cisco Defendants submit that all of the allegations are patently

false - the acts alleged in Paragraph 21 cannot support a cause of action for intrusion upon seclusion.

Plaintiff also attempts to support this cause of action by alleging that these various public "places…were used to do…illegal surveillance" and by incorporating the allegations of Paragraphs 15-18. Complaint at ¶ 21. For the same reasons set forth in Section 1 above, these factual allegations do not satisfy the pleading requirement described in *Twombly*.

      **b.**    **Plaintiff has failed to allege facts sufficient to state a claim for public disclosure of private facts.**

In order to adequately plead a claim for public disclosure of private facts, a plaintiff must demonstrate: (1) a public disclosure, (2) that the disclosure concerned private facts, (3) that the disclosure be one that would be offensive and objectionable to a reasonable person of ordinary sensibilities, and (4) that the disclosure not be of legitimate public concern. *Shulman*, 18 Cal. 4th at 214. The only allegation that pertains to disclosure of a potentially private fact is described in Paragraph 32 of the Complaint. These statements, however, are attributed to defendant Wipro and not to the Cisco Defendants. As such, the Complaint fails to state a claim for public disclosure of private facts against the Cisco Defendants.

      **c.**    **Plaintiff has failed to allege facts sufficient to state a claim for false light.**

In order to adequately plead a claim for false light, a plaintiff must demonstrate: (1) a public disclosure, (2) which places the plaintiff in a false light, and (3) is objectionable to a reasonable person. *Gill v. Curtis Publishing Co.*, 38 Cal. 2d 273, 280 (1952). As above, Plaintiff has not alleged that Cisco Defendants made any statements, false or otherwise, about him. Accordingly, no claim for false light can lie.

      **d.**    **Plaintiff has failed to allege facts sufficient to state a claim for appropriation of name and likeness.**

In order to adequately plead a claim for appropriation of name and likeness, a plaintiff must demonstrate: (1) the defendant's use of the plaintiff's name, likeness, or identity without the plaintiff's consent, (2) commercial or other advantage to the defendant, and (3) resulting in injury

to the plaintiff. *Eastwood v. Superior Court*, 149 Cal. App. 3d 409, 417 (1983). This claim generally arises when a defendant uses the name or likeness of a celebrity/public figure for their own commercial gain. *Id.* Here, Plaintiff has not alleged any of the elements of an appropriation claim.

As Plaintiff has not pled facts sufficient to support a colorable claim against the Cisco Defendants arising from any of the four invasion of privacy torts, Plaintiff's Second Claim for Relief should be dismissed.

### 3. Plaintiff Has Failed to Allege Facts Sufficient to State His Third Claim for Intentional Infliction of Emotional Distress.

Plaintiff's Third Claim is based on a theory of intentional infliction of emotional distress. The essential elements of a claim for intentional interference of emotional distress are (1) outrageous conduct by the defendant, (2) an intention to cause, or reckless disregard of the probability of causing, emotional distress, (3) the suffering of severe emotional distress by the defendant's outrageous conduct, and (4) actual and proximate causation of the plaintiff's emotional distress by the defendant's outrageous conduct. *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982). Plaintiff alleges the Cisco Defendants' purportedly outrageous conduct, if at all, only by way of repeating the allegations in Paragraphs 15 through 18 of the Complaint, of which, only Paragraphs 15 and 18 pertain to the Cisco Defendants.

As set forth above, a claim for relief based only on these vague and unsupported allegations does not satisfy Plaintiff's pleading obligations. No specific outrageous conduct by any of the Cisco Defendants is described in the Complaint, nor is there any hint regarding how Cisco Defendants may have intentionally caused or recklessly disregarded the potential of causing any emotional distress. Accordingly, the Third Claim for relief should be dismissed.

### 4. Plaintiff Has Failed to Allege Facts Sufficient to State His Fifth Claim for Trespass.

For the same reasons set forth above, Plaintiff's Fifth Claim[2] for trespass fails to

---

[2] Plaintiff's fourth claim is alleged against only defendants Deloitte and Wipro.

sufficiently plead facts which entitle him to relief. Trespass is the wrongful entry on real property in the occupation or possession of another. *Triscony v. Brandenstein*, 66 Cal. 514, 516 (1885). In support of this claim, Plaintiff realleged Paragraphs 16 through 18, of which, only Paragraph 18 pertains to the Cisco Defendants. Paragraph 18 alleges that "Cisco put audio and video surveillance devices between March 2007 and July 2007 during Plaintiffs stay in Santa Clara County."

The Complaint describes neither the property on which the alleged trespass occurred nor the nature of Plaintiff's custody of control of that property. The Complaint also fails to describe the nature and circumstances of the trespass. The absence of these essential facts renders the claim defective. Accordingly, Plaintiff's claim for relief based on trespass should be dismissed.[3]

5.  **Plaintiff Has Failed to Allege Facts Sufficient to State His Sixth Claim for Defamation.**

The most fundamental element of a claim of defamation is a statement made by or attributable to defendant. *Cunningham v. Simpson*, 1 Cal. 3d 301, 307 (1969). Plaintiff's Sixth Claim does not allege any statements, defamatory or otherwise, by any of the Cisco Defendants about Plaintiff. Paragraph 32 of the Complaint describes statements attributed to defendant Wipro but makes no mention of any statements made by the Cisco Defendants. The rest of the Complaint is silent as to statements made by or attributable to Cisco Defendants. Yet Paragraph 33 imputes the statements allegedly made by defendant Wipro to "defendants, and each of them." To the extent Plaintiff intended this claim to lie against the Cisco Defendants, it should be dismissed on the ground that it fails to describe a single statement attributable to any of them.

6.  **Plaintiff Cannot Allege a Claim for "Job Loss."**

Plaintiff's final claim alleges "job loss." This appears to be an element of damages, rather than a distinct claim. A review of case law, federal and California statutes, and practice guides has revealed no claim or cause of action for "job loss." Accordingly, the Court should dismiss

---

[3] Moreover, it is unclear whether this cause of action is alleged against defendants Paul and Dharmapuri. The only fact Plaintiff offers in support of this claim, Paragraph 18, does not allege any actions by Mr. Paul or Mr. Dharmapuri.

this purported claim as there is no legal theory to support it.

B. **In the Alternative, this Court Should Rule that a More Definite Statement Pursuant to FRCP 12(e) is Appropriate.**

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civil Proc. 12(e). "The proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N. D. Ca. 1999). A more definite statement is particularly appropriate where a complaint fails to notify a defendant which allegations are directed at it, as opposed to other parties. *McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir. 1996).

Paragraphs 15, 17, 18, 21, 28, and 31 contain factual allegations related to alleged conduct by Cisco Defendants. These allegations are so lacking in specificity so as to make it nearly impossible to frame a responsive pleading. For example, Paragraph 28 states: "The actions of defendants alleged above constituted an unlawful trespass onto plaintiff's residence and private property." The Complaint provides no indication as to who is alleged to have committed the trespass, where it occurred, Plaintiff's ownership interest in the property where the trespass occurred, or when it occurred. Cisco Defendants can hardly be expected to respond to this allegation without further detail. The other allegations are similarly lacking in content, and it is impossible to discern with any precision at all what the Cisco Defendants did wrong. Accordingly, if the Court is not inclined to dismiss the complaint pursuant Rule 12(b)(6), the Cisco Defendants respectfully request that the Court order Plaintiff to provide a more definite statement of the Complaint.

IV. **CONCLUSION**

For each of the reasons set forth herein, Defendants Cisco Systems, Inc., Kenny Paul, and Venu Dharmapuri respectfully request an order dismissing Plaintiff's Complaint as to each of them.

Alternatively, Cisco Defendants request an order requiring Plaintiff to provide a more

1  definite statement of his claims pursuant to Federal Rule of Civil Procedure 12(e).

2  
3  Dated: June _18_, 2008                    MORGAN, LEWIS & BOCKIUS LLP
4  
5  By _____
   Dennis J. Sinclitico, Jr.
6  
   Attorneys for Cisco Defendants
7  Cisco Systems, Inc., Venu Dharmapuri, and Kenny Paul

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE
Anoop Rajkumar v. Cisco Systems, Inc., et al.
U.S. District Court – Northern District (San Jose Division)
Case No. C08-01600-PVT

I, Paula Lesure, declare: I am and was at the time of the service mentioned in this declaration, employed in the County of San Francisco, California. I am over the age of 18 years and not a party to this cause. My business address is Morgan, Lewis & Bockius LLP, Spear Street Tower, One Market, San Francisco, California 94105.

On June 18, 2008, I served a copy(ies) of the following document(s):

**DEFENDANTS CISCO SYSTEMS, INC., VENU DHARAMPURI, AND KENNY PAUL'S NOTICE OF MOTION AND MOTION TO DISMISS AND, ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT**

by placing them in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| **Anoop Rajkumar**<br>**73 Park Drive, Suite 16**<br>**Boston, MA 02215**<br>**Tel: (650) 331-7324** | **Email:**<br>**anooprajkumar@hotmail.com** |

[x] **(BY FEDERAL EXPRESS)** I placed the sealed envelope(s) or package(s) designated by the Federal Express service carrier for collection and overnight delivery by following the ordinary business practices of Morgan Lewis & Bockius LLP, San Francisco, California. I am readily familiar with Morgan Lewis & Bockius LLP's practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery the same day as the correspondence is placed for collection

[x] **(BY ELECTRONIC MAIL)** Addressed to the recipient(s) as listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that this declaration was executed on June 18, 2008, at San Francisco, California.

_____
Paula Lesure