1  THOMAS M. MCINERNEY, State Bar No. 162055
   tmm@ogletreedeakins.com
2  GREGORY C. CHENG, State Bar No. 226865
   gregory.cheng@ogletreedeakins.com
3  PATRICIA SALAZAR, State Bar No. 249935
   patricia.salazar@ogletreedeakins.com
4  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
5  One Market Plaza
   San Francisco, California 94105
6  Telephone:   (415) 442-4810
   Facsimile:   (213) 442-4870
7
   JOSIAH M. BLACK (Admitted *Pro Hac Vice*, MA BBO #632690)
8  jblack@belloblack.com
   BELLO BLACK & WELSH, LLP
9  One Exeter Plaza
   Boston, Massachusetts 02116
10 Telephone:   (617) 247-4100
   Facsimile:   (617) 247-4125
11
   Attorneys for Defendant
12 WIPRO LTD.

13
                    **UNITED STATES DISTRICT COURT**
14
          **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**
15

| ANOOP RAJKUMAR, | Case No. C08 01600 PVT |
|---|---|
| Plaintiff, | **DEFENDANT WIPRO LTD.'S NOTICE OF MOTION AND MOTION TO DIMISS ALL COUNTS OF THE COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| CISCO SYSTEMS, INC., WIPRO TECHNOLOGIES, INC., DELOITTE CONSULTING LLC, NAVAL MOHTA, VENU DHARMAPURI, KEENY PAUL and VARIOUS JOHN DOES, | |
| Defendants. | Date:      August 5, 2008<br>Time:      10:00 a.m.<br>Location:  Courtroom 5, 4th Floor |

23  ///
24  ///
25  ///
26  ///
27  ///
28

CASE NO. C08 01600 PVT

DEFENDANT WIPRO LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS ALL COUNTS OF THE COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MEMO OF P'S & A'S

6454462_1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 5, 2008, at 10:00 a.m., in Courtroom 5, 4th Floor of the United States District Court for the Northern District of California, San Jose Division, S. 1st Street, San Jose, California 95113, before the Honorable Patricia V. Trumbull, United States Magistrate Judge, Defendant Wipro Ltd. ("Defendant") will move for an Order, pursuant to Federal Rules of Civil Procedure, Rules 12(b)(6) and 12(e), to dismiss all five counts against it in the Complaint of *Pro Se* Plaintiff Anoop Rajkumar ("Mr. Rajkumar") for failure to state a claim upon which relief can be granted. As explained in greater detail below, dismissal of those five counts is required because Mr. Rajkumar's vague and conclusory allegations in his Complaint do not state a claim and do not even meet the minimal requirements of notice pleading. In the alternative, the Court should order Mr. Rajkumar to provide a more definite statement of his claims.

This Motion is based on this Notice of Motion, the supporting Memorandum of Points and Authorities, the complete files and records of this action, and such other oral and documentary evidence as may be presented at or before the hearing on this matter.

DATED: June 24, 2008

THOMAS M. McINERNEY
GREGORY C. CHENG
PATRICIA SALAZAR
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

JOSIAH M. BLACK
BELLO BLACK & WELSH LLP


By: \_\_\_/s/ Gregory C. Cheng\_\_\_
        Gregory C. Cheng
Attorneys for Defendant
WIPRO LTD.

DEFENDANT WIPRO LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS ALL COUNTS OF THE COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MEMO OF P'S & A'S

6454462_1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

In this action, Mr. Rajkumar accuses three of his former employers and several of his former bosses of conspiring with each other to bug his phone, monitor his emails and internet use, follow him, and talk with his family members about his comings and goings and other elements of his personal life. Mr. Rajkumar's seven-page, thirty-seven paragraph Complaint is bereft of any details concerning this supposed conspiracy – he does not say who specifically engaged in each activity; he does not specify in many cases whether the conduct occurred at work or outside of work; he does not provide any explanation for why his former employers were so interested in his personal life; nor does he provide any details concerning the time, date, location, and nature of each type of espionage that he says has been subjected to nearly continuously since 2004.

No matter how sincerely Mr. Rajkumar may believe his accusations, the law requires more than a strident belief that one has been wronged. Before he can drag the Defendants into federal court and subject them to the various costs of litigation, Mr. Rajkumar must support his accusations with specific factual allegations that provide the "who, what, where, and when" behind his claims. Mr. Rajkumar's Complaint does not meet these minimal pleading standards, so the Court should dismiss all counts against Wipro or, in the alternative, order Mr. Rajkumar to reframe them in a manner that permits a response.

## II. ISSUE TO BE DECIDED [L.R. 7-4(A)(3)]

1. Has Mr. Rajkumar pled sufficient facts to state any claim against Wipro upon which relief might be granted?

## III. SUMMARY OF ALLEGATIONS DIRECTED TOWARDS WIPRO.

The following is a summary of those allegations in Mr. Rajkumar's Complaint that are directed towards Wipro:

1. Wipro is a corporation with a place of business in Santa Clara County, California. Complaint, ¶ 5.

2. For some unspecified period of time between September of 2005 and June of 2007, Wipro engaged Mr. Rajkumar as a contractor and assigned him to JP Morgan Chase in Lowell,

1   Massachusetts. Id., ¶ 12.

2       3.    From October of 2004 (i.e., before Wipro even had begun its association with Mr. Rajkumar) through June of 2005 "and thereafter", Wipro, Cisco, Mr. Rajkumar's former managers from other countries, and various un-named John Does intercepted, recorded, and published Mr. Rajkumar's email communications to third parties, "including his work place" [sic]. Id., ¶ 15.

    4.    During 2006, Wipro "planted listening devices" in his Massachusetts home and intercepted his oral, electronic, and wire communications and published them to others, "including his workplace" (referring to JP Morgan Chase). Id., ¶ 16.

    5.    In 2006 and 2007, Wipro, with the knowledge of Cisco, tapped Mr. Rajkumar's "Internet connection" and "telephone connection" in his Virginia home and then used this information to "prevent [Mr. Rajkumar] from finding work, which caused him to be unemployed for more than 8 months. Id., ¶ 17.

    6.    Between March and July of 2007, Wipro and Cisco planted audio and video surveillance devices in some un-specified location during Mr. Rajkumar's "stay in Santa Clara County." Id., ¶ 18.

    7.    "[S]tarting July 2005 to till date" [sic], Wipro and Cisco had Mr. Rajkumar followed to monitor his whereabouts and to track with whom he was meeting. They then used this information to discuss Mr. Rajkumar's personal and professional life with his friends and family members. Wipro and Cisco also used information obtained from Mr. Rajkumar's friends and family members to question Mr. Rajkumar about his "future plan of action". "Places where Plaintiff goes regularly like Car Rental / Coffee shop / FedEx Kinko's / Temple (Place of worship) were used to do not only illegal surveillance but in a way harassing plaintiff so that he does not goes to these places" [sic]. Id., ¶ 21.

    8.    After Mr. Rajkumar's employment with Wipro had ended and while he was working at Deloitte, Wipro conspired with Deloitte to create a "hostile work environment" at Deloitte "by means of intentional actions designed to undermine plaintiff's work performance, including placing plaintiff under surveillance, causing him to be sexually harassed, and making it extremely difficult, if not impossible for him to perform his work assignments." Id., ¶ 25.

9. Between May and August of 2005 (i.e., while Mr. Rajkumar was working at Cisco and before he was engaged by Wipro), Wipro informed Cisco that Mr. Rajkumar is divorced, which resulted in scrutiny and discussion of his personal and family life by his Cisco colleagues and his friends.

10. Between June and August of 2006, Wipro falsely stated to JP Morgan Chase that Mr. Rajkumar had lied about his whereabouts and that he was secretly planning to travel to India to get married.[1]

From these vague, conclusory, and sometimes unintelligible allegations, Mr. Rajkumar asserts five claims against Wipro: (Count I) violation of the federal Wiretap statute, 18 U.S.C. § 2510 et seq. ; (Count II) Invasion of Privacy; (Count III) Intentional Infliction of Emotional Distress; (Count V) Trespass; and (Count VI) Defamation.[2]

## IV.   LEGAL ARGUMENT.

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts must:

> [accept] all well pleaded allegations in the complaint as true, and [draw] all reasonable factual inferences in favor of the plaintiff…. In making this determination, we need not credit a complaint's bald assertions or legal conclusions.

Cal. Pub. Empls'. Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3rd Cir. 2004) (internal quotations and citations omitted). It is axiomatic that, although these pleading requirements are minimal, they:

> are not tantamount to nonexistent. The threshold may be low, but it is real -- and it is the plaintiff's burden to take the step which brings his case safely into the next phase of litigation. The court need not conjure up un-pled allegations . . . .

Gooley v. Mobil Oil Corp., 851 F. 2d 513, 514 (1st Cir. 1988).

The United States Supreme Court has recently clarified a Plaintiff's pleading burden in Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007) (hereafter, "Twombly"). In Twombly, the Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]' to relief

---

[1] While it is irrelevant for the purposes of this Motion, Wipro categorically denies each and every one of Mr. Rajkumar's allegations of wrongdoing.
[2] Mr. Rajkumar also attempts to state a claim for what he calls "Job Loss" (Count VII), which does not appear to be an independent cause of action or theory of recovery, but rather a statement of consequential damages that he alleges he suffered as a result of the conduct of the various Defendants. Wipro will not respond further to Count VII in this Motion.

DEFENDANT WIPRO LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS ALL COUNTS OF THE COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MEMO OF P'S & A'S

1  requires more than labels and conclusions, and a formulaic recitation of a cause of action's
2  elements will not do." <u>Id</u>. at 1964-65 (quoting <u>Papsan v. Allain</u>, 478 U.S. 265, 268 (1986)).  To
3  survive a motion to dismiss under Rule 12(b)(6), a complaint must provide certain specifics,
4  including a "statement of circumstances, occurrences, and events in support of the claim
5  presented." <u>Id</u>.

6  Mr. Rajkumar's Complaint does not meet these minimal standards.  Indeed, Mr. Rajkumar
7  has "pleaded no facts adequate to entitle [him] to offer evidence in support of [his] (entirely
8  conclusory) assertions."  The Complaint if full of rhetoric and legal labels but almost entirely bereft
9  of specific factual allegations that have lead Mr. Rajkumar to believe he has been wronged and is
10 entitled to relief in federal court.

**A.  <u>Mr. Rajkumar Has Not Stated a Claim under the Federal Wiretap Act (Count I).</u>**

13 In Count I of his Complaint, Mr. Rajkumar asserts that all the Defendants violated the
14 federal Wiretap Act, 18 U.S.C. § 2510 *et seq.*  To state a claim under this statute, Mr. Rajkumar
15 must make specific factual allegations that Wipro: (1) intercepted, endeavored to intercept or
16 procured any other person to intercept or endeavor to intercept; (2) any wire, oral or electronic
17 communication; and (3) acted intentionally.  18 U.S.C. § 2511(c).

18 In support of this claim against Wipro, Mr. Rajkumar asserts, without any specifics, that
19 un-named representatives of Wipro and the other Defendants conspired to tap his phone and
20 internet connections, monitor his email communications, and install "listening devices" in his
21 home.  He does not state precisely when or how any of these events occurred, nor does he state
22 who was involved, why this surveillance occurred, or on what basis he formed the belief that he
23 was being spied upon.  And he gives only general date ranges in which he believes the interception
24 of phone and email communications occurred.  In some instances, Mr. Rajkumar accuses Wipro of
25 engaging in a conspiracy to spy upon him <u>before</u> and <u>after</u> it employed him.

26 Mr. Rajkumar's allegations in Count I fall short of what is required under the modern
27 notice pleading standards, as best expressed in the U.S. Supreme Court's recent decision in
28 <u>Twombley</u>.  127 S.Ct. 1955.  He has done no more than give a "formulaic recitation of a cause of

1  action's elements", which the Supreme Court held "will not do." Id. at 1966.[3] Accordingly, the
2  Court should dismiss Count I as to Wipro for failure to state a claim.

 **B.    Mr. Rajkumar Has Not Stated a Claim for Invasion of Privacy (Count II).**

In Count II of his Complaint, Mr. Rajkumar alleges that Wipro unlawfully invaded his privacy rights.  In support of this claim, he refers to the California Constitution and the Massachusetts Privacy Statute, M.G.L. c. 214 § 1C.  Count II must be dismissed, because it, too, is too vague to state a claim or permit Wipro to respond to the substance of it.

California recognizes a right of action against a non-governmental agency for violation of privacy only where an individual has a legally protected privacy right and a defendant interferes with that right in a way that is unreasonable. See e.g., Hill v. NCAA, 7 Cal 4th 1 (1994) (dismissing injunction against private athletic association barring drug testing where student athletes were on notice of drug testing requirement and had option to avoid tests by not participating in college sports).  Similarly, in order to state a claim under the Massachusetts Privacy Act, Mr. Rajkumar must allege: (1) he had a reasonable expectation of privacy; and (2) Wipro interfered with that expectation of privacy in a way that was unreasonable, substantial or serious.  Bratt v. IBM, 392 Mass. 508 (1984).

Here, Mr. Rajkumar alleges only that his email, phone and internet use was monitored.  But he says next to nothing about when and where this supposed interference with his privacy occurred.  He does not identify who from Wipro supposedly engaged in this conduct, nor does he state any facts that would permit Wipro to understand the basis for his belief that this alleged intrusion into his privacy occurred.  In certain cases, the alleged infringement by Wipro is alleged to have occurred long before Mr. Rajkumar's affiliation with Wipro even began.  See Complaint, at ¶ 15

---

[3] The vagueness of Mr. Rajkumar's allegations is especially problematic because the Wiretap Act is highly context specific.  For example, while the Act may apply to an employer's real-time monitoring of employees' communications with people outside of the Company, it may not apply to an employer's monitoring of emails between employees of the Company, nor does it apply to the review of stored communications, such as emails and voice messages.  Fraser v Nationwide Mut. Ins. Co., 352 F.3d 107 (3rd Cir, 2003) (granting summary judgment to insurance company employer because there was no "interception" of email); Konop v. Hawaiian Airlines, Inc., 302 F.3d 868, 876-77 (9th Cir. 2002) (company did not violate Act by reviewing stored voice messages).

1  (accusing Wipro of conspiring with Cisco to intercept oral, wire and electronic communications in
2  October 2004 thought June 2005, which was while Mr. Rajkumar worked for Cisco and before he
3  ever was associated with Wipro).  These unintelligible accusations do not meet the minimum
4  pleading standards.  Accordingly, Count II should be dismissed.

      **C.**    **Mr. Rajkumar Has Not Stated a Tort Claim (Counts III, V, and VI).**

6  In Counts III, V and VI, Mr. Rajkumar asserts a series of tort claims against Wipro and the
7  other Defendants.[4]  He uses the labels "intentional infliction", "trespass", and "defamation" but his
8  Complaint does not provide any details, and it does little more than recite some (but not all) of the
9  elements of those tort claims.  In support of these counts of the Complaint, Mr. Rajkumar states
10 only that he was followed and that the three corporate defendants approached his friends and
11 family members to discuss his whereabouts, his travel plans, and other aspects of his personal life.
12 But his allegations do not "provide the 'grounds' of his 'entitle[ment]' to relief", and they are so
13 vague that they do not permit Wipro to respond in any meaningful way.  Moreover, Mr.
14 Rajkumar's Complaint does not provide enough factual context to allow Wipro or the other
15 Defendants to determine which of these claims may have arisen in the course of Mr. Rajkumar's
16 employment; the time of each alleged occurrence is of obvious relevance to a determination of
17 whether the Workers Compensation statute may be Mr. Rajkumar's exclusive remedy.  <u>Charles J.
18 Vacanti, M.D., Inc. v. State Comp. Ins. Fund</u>, 102 Cal. Rptr. 2d 562 (Cal. 2001) (workers
19 compensation statute is the exclusive remedy and operates as a bar to any tort claim that is "within
20 the scope of employment").

21 In light of the foregoing, the Court should dismiss all three of these tort claims or, in the
22 alternative, order Mr. Rajkumar to provide a more definite statement of these claims.[5]

---

[4] Count IV purports to be a claim of intentional infliction of emotional distress against Defendant Deloitte Consulting LLC only.  Accordingly, Wipro does not respond to this claim herein.
[5] In Count VII, Mr. Rajkumar asserts a claim that he calls "Job Loss".  The undersigned counsel is not familiar with any such cause of action under state or federal law.  It appears that this count merely consists of a statement of Mr. Rajkumar's alleged damages.  Accordingly, Wipro will not respond further in this Motion.

8    CASE NO. C08 01600 PVT
DEFENDANT WIPRO LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS ALL COUNTS OF THE COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MEMO OF P'S & A'S

6454462_1

## V. CONCLUSION

For all of the foregoing reasons, Wipro respectfully submits that the Court should dismiss all five counts of the Complaint against Wipro and enter judgment in Wipro's favor. In the alternative, the Court should order Mr. Rajkumar to provide a more definite statement of his claims.

DATED: June 24, 2008

Respectfully submitted,

THOMAS M. McINERNEY
GREGORY C. CHENG
PATRICIA SALAZAR
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

JOSIAH M. BLACK
BELLO BLACK & WELSH LLP


By:  /s/ Gregory C. Cheng
          Gregory C. Cheng
Attorneys for Defendant
WIPRO LTD.

**CERTIFICATE OF SERVICE BY UNITED STATES MAIL**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

    I am employed in the County of San Francisco, State of California; I am over the age of 18 years and not a party to this action. My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, California 94105.

    On June 24, 2008, I served the following document(s) described as: **DEFENDANT WIPRO LTD.'S NOTICE OF MOTION AND MOTION TO DIMISS ALL COUNTS OF THE COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF,** on the persons below as follows:

Anoop Rajkumar, Pro-Se
73 Park Drive, Apt. #16
Boston, MA  02215

    I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

☐    deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.*

☒    placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

    I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☐    (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒    (Federal)    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 24, 2008, at San Francisco, California.

Jovania Faamaligi
Type Name                                      Signature

* (SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)