MORGAN, LEWIS & BOCKIUS LLP
HOWARD HOLDERNESS, State Bar No. 169814
DENNIS J. SINCLITICO, JR., State Bar No. 240260
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: dsinclitico@morganlewis.com

Attorneys for Defendants
Cisco Systems, Inc., Venu Dharmapuri, and Kenny Paul

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANOOP RAJKUMAR,<br><br>    Plaintiff,<br><br>vs.<br><br>CISCO SYSTEMS, INC., VENU DHARMAPURI, and KENNY PAUL, et al.,<br><br>    Defendants. | Case No. C08-01600-PVT<br><br>**DEFENDANTS CISCO SYSTEMS, INC., VENU DHARMAPURI, KENNY PAUL, DELOITTE CONSULTING LLP, AND WIPRO TECHNOLOGIES' CASE MANAGEMENT CONFERENCE STATEMENT** |

PURSUANT TO CIVIL LOCAL RULE 16, Defendants Cisco Systems, Inc. ("Cisco"), Kenny Paul, Venu Dharmapuri, Deloitte Consulting LLP ("Deloitte"), and Wipro Technologies ("Wipro") (collectively, "Defendants") submit this Case Management Conference Statement in advance of the Case Management Conference currently on calendar for August 5, 2008. Defendant Naval Mohta recently filed an answer with the Court. As of this writing, his attorney has not responded to counsel's attempts to speak with him.

   1.   Court has jurisdiction over this matter as Plaintiff has alleged a violation of 18 U.S.C. § 2520. There are no issues regarding personal jurisdiction or venue.

   2.   Plaintiff Anoop Rajkumar is a former employee of Defendants Cisco, and Wipro.

Mr. Rajkumar worked with Mr. Dharmapuri and Mr. Paul while at Cisco. Mr. Rajkumar alleges that Defendants attempted to watch him, tap his electronic communications, and record secretly his oral conversations. He does not allege a conspiracy among Defendants. Mr. Rajkumar also alleges that some Defendants made defamatory statements about him, although it is unclear which Defendants he believes made these statements and what statements were allegedly made. These Defendants are unaware of Mr. Rajkumar's relationship with Mr. Mohta. The complaint alleges these actions took place between 2005 and 2007.

3. As a preliminary matter, Defendants categorically deny each and every factual allegation set forth in the complaint. To the extent Mr. Rajkumar's allegations pertain to conduct by his employers at his workplace or his use of company property (*i.e.*, computer, email telephone), however, such actions by Defendants are immune from liability. Moreover, any such claims may be barred by the exclusivity provisions of the California workers' compensations statutes.

4. Defendants Cisco, Paul, Dharmapuri, and Wipro have moved to dismiss the complaint. The hearing on the motion is set for August 5th. If Mr. Rajkumar pleads his claims sufficiently, all Defendants anticipate moving for summary judgment after minimal discovery.

5. Defendants Cisco, Wipro, Dharmapuri, and Paul have moved to dismiss the complaint and have not yet answered. Defendants do not anticipate filing any amended pleadings.

6. Counsel for Cisco, Paul, Dharmapuri, and Wipro have advised likely custodians of records of their obligation to preserve any documents, including electronic documents, that may pertain to Mr. Rajkumar or his claims.

7. Counsel for Deloitte Consulting LLC have advised likely custodians of records of their obligation to preserve any documents, including electronic documents, that may pertain to Mr. Rajkumar or his claims

8. The parties (with the exception of Mr. Mohta) met and conferred pursuant to FRCP 26(f) and agreed to exchange initial disclosures pursuant to FRCP(a) within 14 days after all parties have filed an answer in this matter. The parties agreed to commence written discovery

within 30 days after all parties have filed an answer.

9. No discovery has been taken as of this writing. Defendants do not anticipate a need for substantial discovery. Defendants do not propose any limitation or modification of the discovery rules.

10. This case is not a class action.

11. Defendants are not aware of any related cases or proceedings pending before another court or before another court or administrative body.

12. Defendants have not made any claim for damages. Defendants refer the Court to Plaintiff's Case Management Conference Statement for a summary of damages claimed by Mr. Rajkumar.

13. As of this writing, all of the parties except defendant Mohta have agreed to an early settlement conference before a magistrate. Defendants do not have sufficient information about Mr. Rajkumar's position to address prospects for settlement.

14. All Defendants have consented to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

15. The case is not suitable for reference to reference to special master or Multidistrict Litigation and Defendants will not consent to binding arbitration.

16. Given the deficiencies in the original complaint, Defendants do not have sufficient knowledge of the facts Mr. Rajkumar believes are at issue to address the extent to which these facts can be narrowed by way of motion or stipulation. In general, Defendants anticipate that many of the material issues of fact may be narrowed by summary judgment.

17. Defendants believe that it would be appropriate to handle this case on an expedited basis with streamlined procedures.

18. Defendants believe that Spring 2009 would be an appropriate time for trial. Defendants note that, given the gross imprecision found in the complaint, it is unclear exactly what behavior Mr. Rajkumar believes to be at issue. Defendants further note that they anticipate filing motions for summary judgment

19. Mr. Rajkumar has demanded a jury trial. Defendants anticipated no more than five

days for trial.

20. Defendants have filed a certification of interested parties. None of the defendants is aware of any persons, firms, partnerships, corporations or other entities known by the party to have either a financial interest in the subject matter in controversy or in a party to the proceeding or any other kind of interest that could be substantially affected by the outcome of the proceeding.

21. Defendants are not aware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: July 29, 2008              MORGAN, LEWIS & BOCKIUS LLP

                                  By _____
                                     Howard Holderness

                                     Attorneys for Defendants
                                     Cisco Systems, Inc., Venu Dharmapuri, and
                                     Kenny Paul

Dated: July ___, 2008             BELLO BLACK & WELSH LLP

                                  By _____
                                     Josiah (Josh) Black

                                     Attorneys for Defendant Wipro Technologies

Dated: July ___, 2008             ORRICK, HERRINGTON & SUTCLIFFE LLP

                                  By /s/ Patricia K. Gillette
                                     Patricia K. Gillette

                                     Attorneys for Defendant Deloitte Consulting
                                     LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT        4        CASE NO. C08-01600-PVT