Richard Wahng (SBN 225672)
Law Offices of Richard C. J. Wahng
152 Anza Street, Suite 201
Fremont, CA 94539
(510) 490-4447 Telephone
(510) 490-1102 Fax

Attorney for Defendant NAVAL MOHTA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANOOP RAJKUMAR<br><br>    Plaintiff,<br><br>  vs.<br><br>CISCO SYSTEMS, INC., WIPRO TECHNOLOGIES, INC., DELOITTE CONSULTING LLC, NAVAL MOHTA, VENU DHARMAPURI, KENNY PAUL, and VARIOUS JOHN DOES,<br><br>    Defendants. | Case No. C08-01600 PVT<br><br>**DEFENDANT NAVAL MOHTA'S SUPPLEMENTAL CASE MANAGEMENT STATEMENT** |

Counsel for Defendant Naval Mohta ("Mohta" or "Defendant") attempted to contact the other parties in this action to prepare a joint Case Management Statement., but was unsuccessful in doing so. Accordingly, defendant hereby submits this Supplemental Case Management Statement.

**1.    JURISDICTION AND SERVICE**

Mohta does not dispute that subject matter jurisdiction is appropriate in this Court. Mohta has filed an answer to plaintiff's complaint, service is not issue.

**2.    STATEMENT OF FACTS**

It is unclear what precisely plaintiff is alleging against Mohta. From what defense counsel is able to decipher from the Complaint, plaintiff alleges *inter alia* that Mohta, through means unidentified, is liable under the Wiretap Act for intercepting plaintiff's communications.

1  Plaintiff also alleges that Mohta invaded his privacy, but did not allege any particular facts
2  against Mohta in connection therewith.
3  Mohta was a mere acquaintance of plaintiff, and met plaintiff through informal social
4  gatherings. Mohta denies having committed any acts for civil liability to attach.

**3.   LEGAL ISSUES**

Except for the sufficiency of plaintiff's complaint which will be addressed by this Court through FRCP 12(b)(6) motions raised by other defendants, Mohta does not possess enough information regarding plaintiff's claim to identify additional legal issues.

**4.   MOTIONS**

FRCP 12(b)(6) motions brought by other defendants are pending before the Court. Mohta intends to move for summary judgment and/or summary adjudication if plaintiff's complaint is deemed to be sufficient.

**5.   AMENDMENT OF PLEADINGS**

Mohta reserves the right to amend his pleadings or to bring claims against the plaintiff or others based upon events in discovery or during the pendency of this action.

**6.   EVIDENCE PRESERVATION**

Mohta was advised by counsel place a to impose a litigation hold on documents and electronically stored information reasonably related to this action, which includes active steps to prevent erasure of emails, voicemails, and other electronically-recorded material.

**7.   DISCLOSURES**

Mohta is agreeable to exchange the initial disclosures by the other parties, i.e., within 14 days after all defendants have filed an answer. Mohta is also agreeable to commence written discovery 30 days after all defendants have filed an answer.

**8.   DISCOVERY**

Mohta does not anticipate to conduct extensive discovery. No modification of the discovery rules set forth the Federal Rules of Civil Procedure is necessary.

**9.   CLASS ACTIONS**

Not applicable.

2

**10.    RELATED CASES**

No related cases are pending before other Judges of this Court.

**11.    RELIEF**

Mohta request only that judgment be entered in its favor and against plaintiff, and that plaintiff's Complaint be dismissed with prejudice.

**12.    SETTLEMENT AND ADR**

The parties have not held settlement discussions. An ADR Telephone Conference is scheduled on July 31, 2008, at 10:30 a.m.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have consented to the appointment of a Magistrate Judge for all purposes.

**14.    OTHER REFERENCES**

Not applicable.

**15.    NARROWING OF ISSUES**

The parties believe that it is premature to narrow the issues for trial other than to make the identifications required by the Patent Local Rules.

**16.    EXPEDITED SCHEDULE**

Mohta believes that this is case can be handled on an expedited schedule with streamlined procedures.

**17.    SCHEDULING**

In addition to the initial disclosure/discovery commencement dates proposed above, Mohta suggest the following schedule:

| Deadline | Nature of Discovery/Event |
| --- | --- |
| November 30, 2008 | Non-Expert Fact Discovery Completed |
| December 15, 2008 | Designation of Experts |
| January 15, 2009 | Expert Reports Exchanged (on any matter on which a party bears the burden of proof) |
| February 1, 2009 | Responsive Expert Reports Exchanged |
| February 15, 2009 | Expert Discovery Completed |
| March 10, 2009 | Last Day to Hear Dispositive Motions |

| | | |
|---|---|---|
| 1 | April 2009 | Pretrial Conference |
| 2 | May 2009 | Proposed Trial Date |

**18.   TRIAL**

Mohta requests a trial date in May 2009.  Plaintiff has requested a jury trial, Mohta anticipates the trial to last no more than 7 days.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Mohta filed the Certification of Interested Entities or Persons with his Answer, on July 14, 2008.  As of the date of this Case Management Conference Statement, pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding:  None, other than the named parties in this action.

**20.   OTHER MATTERS**

None.

Dated: July 30, 2008

_____/s/_____<br>
Richard Wahng<br>
Attorney for Defendant Naval Mohta