Anoop Rajkumar, Pro-Se
4611 Deerwatch Drive
Chantilly, VA 20151
650-331-7324
anooprajkumar@hotmail.com



FILED
AUG 0 5 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

***********************************    **Case No. C08-01600-PVT**
ANOOP RAJKUMAR,                       *
                                 *
        Plaintiff                 *    PLAINTIFF ANOOP
                                 *    RAJKUMAR'S CASE
V                                 *    MANAGEMENT CONFRENCE
                                 *    STATEMENT
CISCO SYSTEMS, INC., VENU DHARMAPURI, *
KENNY PAUL, WIPRO TECHNOLOGIES, INC., *
DELOITTE CONSULTING LLC, NAVAL       *
MOHTA and VARIOUS JOHN DOES,          *
                                 *
       Defendants              *
***********************************

PURSUANT TO CIVIL LOCAL RULE 16, Anoop Rajkumar (Plaintiff) submit this Case Management Conference Statement in advance of the Case Management Conference currently on calendar for August 5, 2008.

Plaintiff has not received any communication with Defendant Naval Mohta till date.

    1. Court has jurisdiction over this matter as Plaintiff has alleged a violation of 18 U.S.C. § 2520.

    2. Plaintiff Anoop Rajkumar is a former employee of Defendants Cisco Systems Inc only. Plaintiff is unable to understand repeated attempts by Defendant Cisco Systems Inc, and Defendant Wipro Ltd. (erroneously sued as "Wipro Technologies, Inc.") to claim that Plaintiff is a former employee of Defendant Wipro Ltd also. Plaintiff has clarified before and he does again

that till date Plaintiff has no such relationship with Defendant Wipro Ltd and if there is any such relationship, then Plaintiff is unaware of that.

3. Plaintiff Anoop Rajkumar and Cisco Defendants ( Kenny Paul and Venu Dharmapuri) worked in two different groups while working in Cisco Systems Inc. Whatever Plaintiff has alleged in his complaint against Cisco defendants happened because of differences which existed between Plaintiff and Cisco Defendants group.

4. Plaintiff is certain that he can prove whatever he has claimed in his complaint against Each Defendant as these actions by defendants were illegal, intentional, repetitive and exceeded the bounds of decency tolerated in a civilized society and because of that, information about this spread in Plaintiff's workplace immediately and widely. These information's were more in demand after this became known inside the office that all these information's were brought illegally by either illegally recording conversations or by putting listening devices in plaintiff's home.

5. The parties (with the exception of Mr. Mohta) met and conferred pursuant to FRCP 26(f) and agreed to exchange initial disclosures pursuant to FRCP(a) within 14 days after all parties have filed an answer in this matter. The parties agreed to commence written discovery within 30 days after all parties have filed an answer.

6. No discovery has been taken as of this writing.

7. This case is not a class action.

8. As of this writing, all of the parties have agreed to an early settlement conference Before a magistrate.

9. Plaintiff has consented to have a magistrate judge conduct all further proceedings, Including trial and entry of judgment.


Dated: August 02, 2008                      respectfully submitted

                                            Anoop Rajkumar
                                            4611 Deerwatch Drive
                                            Chantilly, VA 20151
                                            (650) 331-7324
                                            anooprajkumar@hotmail.com

                                            By: _____
                                                Anoop Rajkumar, Pro-Se