UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANOOP RAJKUMAR,<br><br>        Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., et al.,<br><br>        Defendants. | Case No.: C 08-1600 PVT<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** |

On August 5, 2008, the parties appeared for hearing on two motions to dismiss, or in the alternative for a more definite statement, which were brought by Defendants Cisco Systems, Inc., Venu Dharmapuri and Kenny Paul (collectively "Cisco") and Defendant Wipro Ltd. (who was apparently erroneously sued as Wipro Technologies, Inc.) ("Wipro").[1]  Based on the briefs and arguments submitted,

IT IS HEREBY ORDERED that both motions are GRANTED IN PART and DENIED IN PART, for the reasons discussed herein.  The motions to dismiss are GRANTED as to Count VII, and DENIED as to Counts I, II, III, V and VI.[2]  The motions for more definite statement are GRANTED as to Counts I, V, and VI, and DENIED as to Counts II and III.

---

[1]     The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2]     Count IV is not at issue in this motion.

ORDER, *page 1*

IT IS FURTHER ORDERED that, no later than September 12, 2008, Plaintiff shall serve and file an amended complaint that includes the following:

For Count I, Plaintiff shall: 1) provide more specific information about Defendants' alleged interception, recording and publication of his communications in 2004 and 2005; 2) specify which Defendant(s) Plaintiff believes planted the listening devices in his Massachusetts home; 3) specify which Defendant(s) Plaintiff believes tapped his Internet connection at his Virginia home; 4) specify which Defendant(s) Plaintiff believes tapped his telephone at his Virginia home; 5) describe the general substance[3] of the communications Plaintiff alleges Defendant(s) intercepted, 6) provide more specific information about Defendants' alleged audio and video surveillance of him in Santa Clara between March 2007 and July 2007.

For Count V, Plaintiff shall provide more specific information about which of Defendants' actions he alleges constituted trespass.

For Count VI, Plaintiff shall specify which Defendant(s) Plaintiff believes made which allegedly defamatory statement, and for each allegedly defamatory statement, Plaintiff shall specify whether it "prejudiced [him] in his office, profession or business" or resulted in his economic damage.

For Count VII, Plaintiff may amend this count to state a claim upon which relief can be granted.

**I.     LEGAL STANDARDS**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; in order to survive a Rule 12(b)(6) motion to dismiss, the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *See Erickson v. Pardus*, — U.S. —, 127 S.Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, — 550 U.S. —, 127

---

[3] The court understands that Plaintiff is alleging Defendants intercepted *private* communications. If Plaintiff is concerned about publicly disclosing the substance of the communications, he may file a motion under this court's Civil Local Rule 79-5 for an order sealing that portion of his complaint.

1  S.Ct. 1955 (2007) (slip op., at 7-8).

2  Under Rule 12(e), "A party may move for a more definite statement of a pleading to which a
3  responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably
4  prepare a response."

5  **II.    DISCUSSION**

6  **A.    COUNT I – VIOLATION OF WIRETAP ACT**

7  The Wiretap Act proscribes the interception of wire, oral, and electronic communications. It
8  defines "intercept" as "the aural or other acquisition of the contents of any wire, electronic, or oral
9  communication through the use of any electronic, mechanical, or other device." 18 U.S.C.
10 § 2510(4). The Wiretap Act brings within its parameters any person who "intentionally intercepts,
11 endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire,
12 oral, or electronic communication." *See* 18 U.S.C. § 2511(1)(a). The Act creates civil liability for
13 violation of its provisions, and provides for a private right of action. 18 U.S.C. § 2520. Pursuant to
14 Section 2520, "any person whose wire, oral, or electronic communication is intercepted, disclosed,
15 or intentionally used in violation of [the Wiretap Act] may in a civil action recover from the person
16 or entity, other than the United States, which engaged in that violation such relief as may be
17 appropriate."

18 The relevant allegations from Plaintiff's complaint are as follows:

19 "15.   Beginning in approximately October 2004 and continuing though June,
            2005 and thereafter, defendants Cisco, Venu Dharmapuri, Kenny Paul,
20          Wipro, Naval Mohta and various John Does intercepted without
            authorization, plaintiffs oral, wire and/or electronic communications
21          and caused such communications to be recorded and published to third
            parties, including his work place.
22
   "16.   Defendant Wipro and its agents (John Does) planted listening devices in
23          plaintiffs Massachusetts residence during 2006, intercepted his private oral
            electronic and wire communications and caused such communications to be
24          published to others, including his workplace at JPMC, Lowell, MA.

25 "17.   Defendant Wipro and its agents (John Does) with full knowledge of
            plaintiffs ex employer Cisco, tapped his Internet connection and
26          telephone connection at his Virginia residence during 2006 and 2007.
            This information was also used to prevent plaintiff from finding work
27          and he could not work for more than 8 months.

28 "18.   Defendant Wipro and its agents and Cisco put audio and video
            surveillance devices between March 2007 and July 2007 during

Plaintiffs stay in Santa Clara County."

Defendants both argue that Plaintiff's complaint fails to state sufficient facts to support any claim for relief against them under the Wiretap Act. They both assert that the allegations contain no more than a "formulaic recitation of a cause of action's elements" which the Supreme Court has held "will not do." *See Bell Atlantic v. Twombly*, 127 S.Ct. at 1964-65.

Cisco focuses its analysis solely on Paragraphs 15 and 18, despite the fact that, as Cisco acknowledges, Plaintiff has alleged in Paragraph 14 that all of the Defendants were acting as agents of the other Defendants, and Paragraphs 16 and 17 refer to Wipro and its "agents." While the Complaint is somewhat ambiguous, courts liberally construe *pro se* pleadings. *See Erickson v. Pardus*, 127 S.Ct. at 2200 (*Pro se* pleadings are to be "liberally construed"); *see also Federal Express Corp. v. Holowecki*, --- U.S. ---, 128 S.Ct. 1147, 1158 (Feb. 27, 2008) ("*pro se* litigants are held to a lesser pleading standard than other parties"). Taken as a whole, and in light of Paragraph 14, it appears that Plaintiff is attempting to allege Cisco and Wipro were both responsible in some way for the listening devices being planted in his Massachusetts home and for his Internet connection and his telephone connection being tapped at his Virginia home.

Because the Wiretap Act provides for liability for, among other things, the intentional interception of any electronic communications or private[4] oral communications, all Plaintiff had to allege to survive a motion to dismiss is a "a short and plain statement" of facts that would support a finding that Defendants intentionally intercepted his electronic communications or private oral communications. Here, Plaintiff alleges Defendants Cisco and Wipro intercepted his electronic communications and private oral communications by planting listening devices in his home in 2006, and tapping his Internet connection and telephone connection. These allegations are more than just a "formulaic recitation of a cause of action's elements." They specify the acts of planting listening devices in his home and tapping his Internet and telephone connections as the means of interception, and it specifies 2004, 2005, 2006 and 2007 as relevant time periods during which the interceptions

---

[4] Under the Act, "oral communication" is defined as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation, but such term does not include any electronic communication." *See* 18 U.S.C. § 2510(2).

occurred. The only ambiguity is which specific acts of interception were performed by which Defendant.

Under these circumstances, the court finds outright dismissal of this count unwarranted. However, as discussed at the hearing, in order to frame their responsive pleadings, Cisco and Wipro do need more information about what specific act Plaintiff alleges each Defendant did (regardless of whether another Defendant may ultimately be held vicariously liable for those actions). Thus, the court grants Cisco's and Wipro's motions for a more definite statement with regard to this count, as ordered above.

### B.   COUNT II – INVATION OF PRIVACY

In Count II of his complaint, Plaintiff incorporates Paragraphs 15 through18 (see above), and adds the following two allegations:

> "20.   Plaintiff had a reasonable expectation of privacy concerning his personal and private conversations. In doing the acts herein above complained of, Defendants, and each of them, violated Plaintiff's reasonable expectation of privacy in violation of Article I, § I [*sic*]of the California Constitution and in violation of Massachusetts General Laws Chapter 214 § 1C.
>
> "21.   Defendant Wipro and Cisco got Plaintiff followed starting July 2005 to till [*sic*] date to know about his whereabouts and to find out whom Plaintiff meets. This information was used by them for not only discussing plaintiff's personal/professional life with Plaintiff's friends and family members but also using them (family/friends/co-workers) for questioning Plaintiff for his future plan of action. Places where Plaintiff goes regularly like Car Rental / Coffee shop/ FedEx Kinko's/ Temple (Place of worship) were used, to do not only illegal surveillance but in a way harassing plaintiff so that he does not goes [*sic*] to these places."

Focusing solely on Paragraph 21, Defendants argue that Plaintiff has not stated a cause of action for an "intrusion upon seclusion" form of invasion of privacy. (Cisco also details why the allegations do not state a claim for the public disclosure of private facts, false light, or appropriation of name or likeness forms of invasion of privacy.) The court disagrees. Under either California or Massachusetts law[5] Paragraph 21 states a claim for invasion of privacy

For the "intrusion upon seclusion" form of invasion of privacy, California has adopted the

---

[5]   The parties do not address which state's law applies to Plaintiff's tort claims. However, under either state's law, Plaintiff has stated a claim for invasion of privacy.

formulation set forth in section 652B of the Restatement Second of Torts. *See Taus v. Loftus*, 40 Cal.4th 683, 724 (2007). Section 652B provides:

> "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person."

Under Section 652B, conduct repeated with such persistence and frequency as to amount to a "course of hounding the plaintiff, that becomes a substantial burden to his existence," may constitute an invasion of privacy, even if it occurs in a public or semi-public place. *See* REST.2D TORTS, § 652B, com. d; *see also, e.g., Wolfson v. Lewis*, 924 F.Supp. 1413, 1420 (E.D.Pa.1996).

Massachusetts General Laws, Chapter 214, section 1B ("Section 1B") expressly provides that: "A person shall have a right against unreasonable, substantial or serious interference with his privacy." In *Ellis v. Safety Ins. Co.*, 41 Mass.App.Ct. 630 (1996), the court found there was a triable issue of fact with regard to allegations that defendant investigator followed the plaintiffs around Boston "in an impermissibly intrusive and suggestive manner," made numerous calls to one plaintiff's home and sat in a car in front one plaintiff's home, and asked one plaintiff on the phone "How can you black people afford this type of expensive car?" The court held:

> "While the defendants deny such contact occurred, material facts are plainly in dispute. Whether the conduct complained of in the plaintiffs' affidavits is unreasonable, as well as either serious or substantial, is a matter to be resolved by the trier of fact. Accordingly, it was error to have allowed the defendants' motion for summary judgment on Count V." *Id.* at 638.

Moreover, Plaintiff expressly states in Paragraph 19 that he "repeats the allegations of paragraphs 15, 16, 17 and 18." Paragraph 16 is arguably sufficient on its own to state a cause of action for invasion of privacy under Massachusetts' law. In that paragraph, Plaintiff alleges that Defendants planted listening devices in his Massachusetts residence and intercepted his private conversations. If that allegation is true, a jury could find that Defendants violated Section 1B. *See, e.g., DiGirolamo v. D.P. Anderson & Associates, Inc.*, 1999 WL 345592, *2 (Middlesex Super.Ct. May 1999) (noting that to photograph, videotape, or look at someone with enhanced vision while the person remained inside the person's home would violate Section 1B).

Because Plaintiff has stated a cause of action for invasion of privacy, dismissal is not

1  warranted.  Denial of the motion for more definite statement as to this cause of action is warranted in
2  light of the information the court has already ordered Plaintiff to provide regarding Count I.  That
3  information, along with the allegations in Paragraphs 20 and 21, will be sufficient to give Defendants
4  fair notice of what Plaintiff's claims are, and the grounds upon which they rest.  Any further
5  questions Defendants have about the specific facts underlying Plaintiff's complaint can be handled
6  by the array of discovery devices available to Defendants.  *See Skaff v. Meridien North America*
7  *Beverly Hills, LLC*, 506 F.3d 832, 842 (9th Cir. 2007).

8   **C.    COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

9  Defendants again assert that Plaintiff has not alleged enough facts to state a cause of action.
10 Defendant Cisco details the elements of this cause of action, and based on its assumption that
11 Paragraphs 16 and 17 do not apply to it, contends Plaintiff has not alleged all elements against Cisco.
12 Defendant Wipro does not address the elements of this cause of action at all.

13 Read liberally, as the court is required to do with a *pro se* complaint, the allegations are
14 sufficient to state a cause of action.  Plaintiff alleges extreme and outrageous conduct in Paragraph
15 16 by alleging Defendants planted listening devices in his Massachusetts residence and intercepted
16 his private conversations.  In Paragraph 23 Plaintiff alleges that these actions "were intended to and
17 did inflict severe emotional distress on plaintiff."  Taken together, and construed liberally, these
18 allegations encompass all the elements of a cause of action for intentional infliction of emotional
19 distress.  *See Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982) (elements are "(1) extreme
20 and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the
21 probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional
22 distress; and (3) actual and proximate causation of the emotional distress by the defendant's
23 outrageous conduct").

24 Because Plaintiff has stated a cause of action for intentional infliction of emotional distress,
25 dismissal is not warranted.  Denial of the motion for more definite statement as to this cause of
26 action is warranted in light of the information the court has already ordered Plaintiff to provide
27 regarding Count I.  That information, along with the allegations in Paragraphs 23 and 24, will be
28 sufficient to give Defendants fair notice of what his claims are, and the grounds upon which they

rest.  Defendants can obtain further details through discovery.  *See Skaff*, 506 F.3d at 842.

### D.   COUNT V – TRESPASS

In Count V, Plaintiff incorporates Paragraphs 16 through18 (see above), and adds the following two allegations:

> 28.   The actions of defendants as alleged above constituted an unlawful trespass onto plaintiff's residence and private property.
>
> 29.   These actions were not onetime [*sic*] actions but were repeated again and again, which put plaintiff in extreme stressful condition.  As a proximate result of said misconduct, Plaintiff has been caused to suffer general and special damages in amounts according to proof.

Under Massachusetts law, in order to sustain an action for trespass, a plaintiff must prove two elements: (1) that they had actual possession of the property; and (2) that the defendant's entry was intentional and illegal.  *See Donovan v. Fafard Real Estate and Dev. Corp.*, 11 Mass.L.Rptr. 35 (1999) (citing *New England Box Co. v. C & R Constr. Co.*, 313 Mass. 696, 707 (1943)).

Cisco argues Plaintiff has not described the property on which the alleged trespass occurred, the nature of his custody or control of the property, or the nature and circumstances of the trespass.  Wipro merely argues Plaintiff has not provided any details.

As noted above, liberally construed Paragraph 16 alleges that Wipro and Cisco are responsible for listening devices being planted *in* his Massachusetts residence during 2006.  This allegation sufficiently states a cause of action.  The reference to Plaintiff's "residence" implies he had actual possession of the property.  The reference to Defendants planting listening devices *in* his residence implies the Defendants entered his residence intentionally.  The illegality is supplied by the Wiretap Act, which makes it illegal to intercept private oral communications using "any electronic, mechanical, or other device."

Because Plaintiff has stated a cause of action for trespass, outright dismissal is not warranted.  However, it is not clear from the complaint whether Plaintiff is alleging that non-physical intrusions, such as tapping his Internet and telephone connections, constitute trespass.  Thus, the court grants Cisco's and Wipro's motions for a more definite statement with regard to this count, as ordered above.

### E.   COUNT VI – DEFAMATION

Cisco argues that this cause of action does not allege any statement attributable to Cisco. Wipro merely argues Plaintiff has not provided any details.

Under Massachusetts law,[6] slander consists of an oral publication by the defendant of a false and defamatory statement about the plaintiff which either "prejudiced [the plaintiff] in his office, profession or business" or resulted in his economic damage. *See Alba v. Sampson*, 44 Mass.App.Ct. 311, 312-313, 690 N.E.2d 1240 (1998) (distinguishing slander and slander per se); and *Ellis v. Safety Ins. Co.*, 41 Mass.App.Ct. 630, 635 (1996).

Paragraph 32 of the complaint, construed liberally, alleges that Wipro and Cisco (pursuant to Paragraph 14) told J. P. Morgan Chase ("JPMC")–the company Plaintiff was working for as an independent contractor–that he "has been lying to them about his whereabouts." (It also alleges Defendants made other various false statements about Plaintiff to JPMC.) With respect to the alleged statement that Plaintiff had been lying to JPMC, the allegations sufficiently state a cause of action for slander under Massachusetts law, because a jury could find that the statement was both false and "prejudiced [the plaintiff] in his office, profession or business."

Because Plaintiff has stated a cause of action for slander, outright dismissal is not warranted. However, it is not clear from the complaint whether Plaintiff is alleging that the other allegedly defamatory statements "prejudiced [him] in his office, profession or business" or resulted in his economic damage. Thus, the court grants Cisco's and Wipro's motions for a more definite statement with regard to this count, as ordered above.

### F.   COUNT VII – "JOB LOSS"

Cisco and Wipro both argue that there is no cause of action for "job loss," and that as pled this "cause of action" is really just an item of Plaintiff's damages. While that is one possibility, it is also possible that Plaintiff was attempting to allege a cause of action for constructive discharge (he alleges he "had to leave three jobs") and/or intentional interference with contractual relations or prospective economic advantage.

---

[6] In Paragraph 12, Plaintiff alleges the J. P. Morgan Chase office (where he worked as an independent contractor at the time of the alleged slander) is in Massachusetts. Thus, there is a reasonable inference that the allegedly defamatory statements were made in Massachusetts.

ORDER, *page 9*

1   Because, even liberally construed, this count does not give Defendants fair notice of what the claim is and the grounds upon which it rests, dismissal is warranted as to this count. However, because Plaintiff may be able to state a cause of action, leave to amend is appropriate.

### III.   CONCLUSION

The allegations of all counts other than Count VII are sufficient to withstand a motion to dismiss under Rule 12(b)(6). However, Defendants are entitled to a more definite statement of Counts I, V and VI, as discussed above. And with regard to Count VII, leave to amend is warranted. Other than the amendments required or allowed herein, any further exploration of the facts underlying Plaintiff's complaint must be conducted through discovery.

Plaintiff may also use this opportunity to correct the identification of Wipro from Wipro Technologies, Inc. to Wipro Ltd.

Dated: *8/8/08*

PATRICIA V. TRUMBULL
United States Magistrate Judge

***Counsel automatically notified of this filing via the court's Electronic Case Filing system.***

copies mailed on   *8/11/08*          to:

Anoop Rajkumar
73 Park Ave., #16
Boston, MA  02215

        */s/ Donna Kirchner          for*
        CORINNE LEW
        Courtroom Deputy

ORDER, *page 11*