Anoop Rajkumar, Pro-Se
4611 Deerwatch Drive
Chantilly, VA 20151
Tel: 650-331-7324
Email: anooprajkumar@hotmail.com

FILED

2008 AUG 28 P 3:00

RICHARD W. WIEKING
CLERK
US DISTRICT COURT
NO. DIST. OF CA, S.J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ANOOP RAJKUMAR, | * Case No. C08 01600 PVT |
| | * |
| | * |
| Plaintiff | * **PLAINTIFF'S REPLY RE CISCO** |
| | * **SYSTEMS INC., AND WIPRO LTD.'S** |
| | * **MOTION FOR A MORE DEFINITE** |
| | * **STATEMENT** |
| | * |
| v. | * |
| | * |
| CISCO SYSTEMS, INC., WIPRO LTD., | * |
| DELOITTE CONSULTING LLP, | * |
| NAVAL MOHTA, VENU DHARMAPURI, | * |
| KENNY PAUL and VARIOUS JOHN DOES, | * |
| | * |
| | * |
| Defendants | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

### JURISDICTIONAL STATEMENT

1.  This court has jurisdiction pursuant to 28 U.S.C. § 1331 as a federal question is involved, namely violations of 18 U.S.C. § 2520. Moreover, as plaintiff is a resident of New Jersey and defendants are located in California, this court has jurisdiction pursuant to 28 U.S.C. § 1332.

Complaint

2. The San Jose division of this court is the proper venue to hear this action as all defendants reside in Santa Clara County or thereabouts, and many of the claims arose within the confines of this division.

## PARTIES

3. Plaintiff is a natural person who resides in Iselin, New Jersey. He formerly resided in Santa Clara County, California.

4. Defendant, Cisco Systems, Inc. (hereinafter Cisco), is a corporation with a place of business in Santa Clara County, California.

5. The defendant, Wipro Ltd. (hereinafter Wipro), is a corporation with a place of business located in Santa Clara County, California.

6. The defendant, Deloitte Consulting LLP (hereinafter Deloitte), is a corporation with a place of business located in Alameda County, California.

7. The defendant, Naval Mohta, is an individual last known to be residing in Santa Clara County, California.

8. The defendant Venu Dharmapuri, is an individual last known to be residing in Santa Clara County, California, and a manager of defendant Cisco who, at all times relevant, reported to defendant Kenny Paul.

9. The defendant Kenny Paul is an individual residing in Santa Clara County, California and a senior manager of defendant Cisco.

10. The defendants, various John does, are individuals whose names are currently unknown to plaintiff.

11. Defendant Cisco employed plaintiff from November, 2000 to September, 2005.

Complaint

12. Defendant Wipro setup plaintiff for malicious reasons (Without plaintiff's knowledge through a subcontracting company Elitech Inc, NJ who was a vendor of Cognizant Technology Solutions, a direct vendor of J. P. Morgan Chase) at his next contract at J P Morgan Chase, Lowell, MA where he worked as a contractor.

13. Plaintiff worked as a contractor (through a third party Technosoft Corporation) for Defendant Deloitte from June, 2007 to October, 2007.

14. At all times relevant defendants, and each one of them, were the agents, servants, employees, business partners and joint ventures of each other in doing the things herein complained of, were acting within the course and scope of said agency, employment and joint venture, and are vicariously and directly liable for their own conduct and the conduct of each other in furtherance of said employment, agency and joint venture.

## COUNT I – 18 U.S.C. SECTION 2520

15. At all times relevant, Defendant Cisco was employer of Plaintiff from Nov 2000 to Sep. 2005. At all times relevant, Plaintiff reported directly to his Cisco supervisor, Howard Chan.

16. Beginning in approximately October 2004 and continuing though June, 2005 and thereafter, defendants Cisco, Venu Dharmapuri, Kenny Paul, Wipro, Naval Mohta and various John Does intercepted without authorization, plaintiff's oral, wire and/or electronic communications and caused such communications to be recorded and published to third parties, including his work place.

17. Plaintiff is aware of four such recorded conversations played and distributed at Defendant Cisco's, Milpitas, CA office from Oct 2004 to June 2005. One conversation was recorded at plaintiff's home (Located in Milpitas, CA in Oct 2004) without his knowledge and

Complaint

other two conversations were personal cell phone conversations (plaintiff's personal cell phone) between him and defendant Naval Mohta and both these conversations were conducted by plaintiff from his home in Sunnyvale, CA.

18. Plaintiff complained of Defendants' misconduct, as aforesaid, to Defendant Cisco's Human Resource (HR) and Cisco's Senior Director Jan Roberts in first week of July, 2005, with Defendant Cisco Failing to take reasonable, effective action.

19. From fourth week of July, 2005 Plaintiff was indirectly threatened just across the road from his office in Milpitas, CA and was followed from July 2005 to September 2005 during his stay in Sunnyvale, CA. Before plaintiff left his employment at Cisco, without his mentioning any of these incidents to anyone in the office all these incidents of threatening/following were part of daily office gossip. These incidents of stalking/threatening continued for another two years after plaintiff left CA in Oct 2005.

20. Defendant Wipro and its agents (John Does) planted listening devices in plaintiff's Massachusetts residence during 2006, intercepted his private oral, electronic and/or wire communications and caused such communications to be published to others, including to J P Morgan Chase, Lowell, MA where plaintiff was working as a contractor. Defendant Wipro used his employees (Including Mahesh Kollari, Project Manager of Wipro based in same office of J P Morgan Chase) in the J P Morgan Chase, Lowell, MA office to harrase plaintiff by publicizing private, oral and electronic conversation Plaintiff was having with his friends and family members in his home.

21. Defendant Wipro and its agents (John Does) with full knowledge of plaintiff's ex employer Cisco tapped his Internet connection and cellphone connection at his Virginia

residence during 2006 and 2007. This information was also used to prevent plaintiff from finding work and from filing the law suit.

22. Defendant Wipro, its agents and Cisco put plaintiff under audio and video surveillance between April 2007 and July 2007 during Plaintiffs stay in Santa Clara County.

23. As a proximate result of the conduct of Defendants, and each of them, plaintiff was caused to suffer general damages and special damages, including severe and extreme emotional distress and such other and further damages in amounts according to proof and in excess of this court's minimum jurisdictional limits.

24. The conduct of Defendants, and each of them, was willful, malicious and intentional, and was designed to injure and damage plaintiff, justifying an award of punitive and exemplary damages against defendants in amounts according to proof.

### COUNT II – Invasion of Privacy

25. Plaintiff repeats the allegations of paragraphs 15, 16, 17, 18, 19, 20, 21, 22, 23 and 24 of this complaint.

26. Plaintiff had a reasonable expectation of privacy concerning his personal and private conversations either conducted in his home (Plaintiff had the lease of Apartment on his name in all the cases mentioned in this complaint either in Sunnyvale, CA or Lowell, MA or in VA where he was living in a family owned townhouse) or through his personal cellphone and Internet connections which were either on plaintiff's name or were being shared between plaintiff and his family members.

27. Defendant Wipro and Cisco got Plaintiff followed starting July 2005 to Oct 2007 to know about his whereabouts and to find out whom Plaintiff meets. This information was used by

Complaint

them for not only discussing plaintiff's personal/professional life with Plaintiff's friends and family members but also using them (family/friends/co-workers) for questioning Plaintiff for his future plan of action, events at his workplace or in his personal life. Places where Plaintiff goes regularly like Car Rental / Coffee shop/ FedEx Kinko's/ Temple (Place of worship) were used to do not only illegal surveillance but in a way harassing plaintiff by excessive and obtrusive stalking so that he does not goes to these places.

28. In doing the acts herein above complained of, Defendants, and each of them, violated Plaintiff's reasonable expectation of privacy in violation of Article I, § I of the California Constitution and in violation of Massachusetts General Laws Chapter 214 § 1C.

**COUNT III – Intentional Infliction of Emotional Distress**

(All Defendants Except Deloitte)

29. Plaintiff repeats the allegations of paragraphs 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27 and 28 of this complaint.

30. Plaintiff passed through and is passing through short and long term health problems because of actions by defendants.

31. Plaintiff who had left smoking in 2003 was forced to again start it, due to extreme stress he faced between 2005 and 2006, because of these intentional and deliberate acts of the defendants.

32. At all times relevant defendants and each one of them, in doing the things hereinabove and below set forth, exceeded the bounds of decency tolerated in a civilized society. Defendants intended to, and did, intentionally inflict severe and extreme emotional distress on plaintiff.

33. The conduct of defendants, and each of them, was willful, malicious and intentional, and was designed to injure and damage Plaintiff, justifying an award of punitive and exemplary damages against defendants in amounts according to proof.

### COUNT IV – Intentional Infliction of Emotional Distress (Deloitte)

34. In third week of August, 2005 after plaintiff had complained to Cisco HR and Cisco Management, Pankaj Purwar (Whom plaintiff knew) working in Defendant Deloitte as a manager, contacted Plaintiff and asked him to drop everything as they can create problem for him in present and future. Later in June 2007 plaintiff worked for Defendant Deloitte through a direct vendor Technosoft Corporation and there plaintiff was harassed in every possible way.

35. During the time, that plaintiff performed services for Defendant Deloitte, that defendant conspired with defendant Wipro and various John Does to create a hostile work environment for plaintiff, by means of intentional actions designed to undermine plaintiff's work performance, including placing plaintiff under surveillance ( Not only putting him in surveillance inside the office but also making sure that plaintiff knows every minute that he is being monitored by making sure that another employee, Sanjeev working in the same room makes a sound from his keyboard everytime plaintiff does anything on his system), causing him to be sexually harassed, and making it extremely difficult, if not impossible for him to perform his work assignments. Plaintiff started working in Defendant Deloitte in June 2007 and Plaintiff had to work there even after all the harassment, as plaintiff had worked less than 7 months in previous 20 months ( Between Sep. 2005 and June 2007) because of the actions by all the defendants.

Complaint

36. The actions of defendants exceeded the bounds of decency tolerated in civilized society and such actions were intended to and did inflict severe emotional distress on plaintiff.

### COUNT V – Trespass

37. Plaintiff repeats the allegations of paragraph 16, 17, 20, 21, 22 and 26 of this complaint.

38. The actions of defendants as alleged above constituted an unlawful trespass onto plaintiff's residence and private property in Sunnyvale, CA and Lowell, MA and Chantilly, VA and Santa Clara, CA.

39. These actions were not onetime actions but were repeated again and again, which put plaintiff in extreme stressful condition. As a proximate result of said misconduct, Plaintiff has been caused to suffer general and special damages in amounts according to proof.

40. The conduct of defendants, and each of them, was willful, malicious and intentional, and was designed to injure and damage Plaintiff, justifying an award of punitive and exemplary damages against defendants in amounts according to proof.

### COUNT VI – Defamation

41. Plaintiff incorporates herein by reference paragraphs 1 through 40 of the Complaint, the General Allegations, the First, Second, Third, Fourth and Fifth causes of Action as though set forth in full.

42. Between April 2005 and August 2005 Defendant Wipro, through its agents informed Defendant Cisco that plaintiff is divorced and Cisco contacted plaintiff's friends inside and outside the plaintiff's work place enquiring about his personal and family life. At that time Plaintiff's divorce case was under trial in a family court in India. Because of the recorded private conversations being distributed inside and outside the office Plaintiff's and his family's personal

Complaint

life was scrutinized each and every day inside his work place as well as outside between his friends.

43. Between June 2006 and Aug 2006, Defendant Wipro, through its agents, informed J P Morgan Chase (where Plaintiff was working as contractor) that Plaintiff has been lying to them about his whereabouts, and he will be travelling to India in last week of June 2006. When Plaintiff did not go in June 2006, they reported to his manager (Dino Minuti of J P Morgan Chase) that plaintiff will be travelling to India in July last week and he is secretly getting married during this India trip. Such statements made by defendant to J P Morgan Chase were false and made for the purpose of defaming Plaintiff and attacking Plaintiff's credibility and proving him a ~~lair~~ liar.

44. As a proximate result of the conduct of Defendants, and each of them, plaintiff was caused to suffer general damages and special damages, including severe and extreme emotional distress and other damages in amounts according to proof and in excess of this court's minimum jurisdictional limits.

45. The conduct of defendants, and each of them, was willful, malicious and intentional, and was designed to injure and damage Plaintiff, justifying an award of punitive and exemplary damages against defendants in amounts according to proof.

## COUNT VII – Job loss

46. Plaintiff incorporates herein by reference paragraphs 1 through 45 of the Complaint, the General Allegations, the First, Second, Third, Fourth, Fifth and Sixth causes of Action as though set forth in full.

Complaint

47. As a result of said actions by defendants (Cisco, Wipro, Deloitte and Naval Mohta), Plaintiff had to leave three jobs in last 3 years. Every place he worked his credibility was deliberately undermined, environment was created so that he could not work harmoniously in a team environment and by spreading false information in the office he is always kept in extreme pressure.

48. Defendants directly and indirectly interfered into plaintiff's attempt to find other opportunities (Work) by arranging fake interviews, contacting his prospective employers (Using the information obtained through internet and phone tapping as well as stalking) as well as making plaintiff aware of that they are monitoring his every attempt regarding this.

49. The conduct of defendants, and each of them, was willful, malicious and Intentional, and was designed to injure and damage Plaintiff, justifying an award of lost wages, lost experience, loss in future work prospects, compromises made by Plaintiff because of loss in wages as well as an award of punitive and exemplary damages against defendants in amounts according to proof.

### Damages

50. Defendants' actions as alleged above from paragraphs 1 through 49 destroyed Plaintiffs life, damaged his reputation, put him under severe and extreme stress as well as emotional distress. Because of Job loss and then not being allowed to work because of business relationship problem between defendants, Plaintiff had to make everyday compromises. Their actions caused plaintiff general damages, special damages, exemplary and punitive damages, Cost of suit, award of prejudgment interest at the legal rate and such other and further damages as the Court deems prudent.

## PRAYER

Wherefore, plaintiff prays for judgment and an award of damages, both general, special and exemplary (punitive) in amounts according to proof, as well as an award to compensate plaintiff for loss of wages, loss of wages he will suffer in future, costs of suit, for prejudgment interest and for such other and further relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

The plaintiff demands a trial by jury with respect to each and every claim which is so triable.

Anoop Rajkumar, Pro-Se

Dated: August 22, 2008

_____
Anoop Rajkumar
4611 Deerwatch Drive
Chantilly, VA 20151
(650) 331-7324
anooprajkumar@hotmail.com