UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANOOP RAJKUMAR,<br><br>        Plaintiff,<br><br>  v.<br><br>CISCO SYSTEMS, INC., et al.,<br><br>        Defendants. | Case No.: C 08-1600 PVT<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGEMENT** |

      On May 26, 2009, the parties appeared for hearing on Defendants' respective motions for summary judgment.[1] After the hearing, this court solicited additional briefing and evidence from Plaintiff, cautioning him that failure to submit evidence from which a reasonable trier of fact could find in his favor would result in Defendants' motions for summary judgment being granted and judgment entered against him. Plaintiff submitted additional materials. Based on the briefs, arguments and supplemental materials submitted,

      IT IS HEREBY ORDERED that Defendants' respective motions for summary judgment are GRANTED because Plaintiff has not submitted any evidence from which a reasonable trier of fact could find in his favor.

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

## I. INTRODUCTION

Plaintiff Anoop Rajkumar's Amended Complaint alleges that he was employed by Defendant Cisco Systems, Inc. from November 2000 to September 2005, that Defendant Wipro Ltd, "set him up" for a contract job at J.P. Morgan Chase, and that he worked as a contractor for Defendant Deloitte Consulting, LLP from June 2007 to October 2007. He alleges that from 2004 through 2005 and thereafter, all Defendants intercepted without authorization his oral, wire and/or electronic communications, and caused such communications to be recorded and published to third parties, including his work place. He further alleges that Defendants planted listening devices in his home, put him under surveillance, had him stalked and followed, and interfered with his ability to obtain employment. With regard to Defendant Deloitte, Plaintiff also alleges he was subjected to sexual harassment while working there. He also alleges that Defendants made various defamatory statements about his marriage, health, and travel plans.

Based on the foregoing allegations, Plaintiff asserts claims for violation of 18 U.S.C. Section 2520, invasion of privacy, intentional infliction of emotional distress, trespass, defamation and "business tort." The Defendants have all moved for summary judgment, contending that Plaintiff has no evidence to support his allegations. Plaintiff opposed the motions, and submitted various materials that he contends show that a trial is warranted.

## II. STANDARD OF REVIEW

The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett,* 477 U.S. 317, 323-24 (1986). To obtain summary judgment, a party must demonstrate that no genuine issue of material fact exists for trial, and that based on the undisputed facts he is entitled to judgment as a matter of law. *Id.,* at 322.

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. If the moving party meets its initial burden, then the non-moving party "must set forth specific facts showing that there is a

genuine issue for trial." FED.R.CIV.PRO., Rule 56(e).

The moving party in not required to negate the elements of the non-moving party's case on which the non-moving party bears the burden of proof. *Celotex,* 477 U.S. at 323. On the contrary, "regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Ibid.*

Nor can the non-moving party defeat the moving party's proper motion for summary judgment simply by *alleging* a factual dispute between the parties. To preclude summary judgment, the non-moving party must bring forth material facts, i.e., "facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). If the opposing party shows that it cannot, for reasons stated, present by affidavit facts essential to justify the party's opposition, the court may either deny or continue the motion to allow additional discovery. FED.R.CIV.PRO., Rule 56(f). However, "[t]he burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *See Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n. 6 (9th Cir. 2001).

The court must draw all reasonable inferences in favor of the non-moving party. *Masson v. New Yorker Magazine, Inc.,* 501 U.S. 496, 520 (1991); *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 588 (1986). However, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 588.

It is the court's responsibility "to determine whether the 'specific facts' set forth by the non-moving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630, 631 (9th Cir. 1987). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita,* 475 U.S. at 587.

### III.  DISCUSSION

Despite having been given an additional opportunity to come forward with evidence to support his claims against Defendants, Plaintiff has not submitted any evidence from which a reasonable trier of facts could find in his favor.

Plaintiff has submitted numerous documents, but none of them tend to show that Defendants intercepted any of his communications, much less recorded and published those communications. Nor does any of the evidence tend to show that Defendants planted any listening devices in his home, put him under surveillance, had him stalked and followed, interfered with his ability to obtain employment, subject him to sexual harassment, or made any defamatory statements about him.

The documents submitted by Plaintiff include: various emails about work issues, including his resignation from Cisco, none of which support his allegations; his report to police of his suspicions that he was being stalked and spied on;[2] portions of deposition testimony that do not support his claims;[3] some of his discovery requests to Defendants; some requests for information he sent to Verizon and the FBI, some of his own medical records; and various documents regarding his financial difficulties.

The only evidence relevant to Plaintiff's claim that he has been under surveillance is a report[4] by an "Electronics Specialist" stating that testing was done that measured an "intermittent, pulsed microwave frequency-hopping, spread spectrum signal present covering most of the range of 1 MHz to 1 GHz" and that the signal "is not a common signal found in the normal spectra of US cities." The report goes on to opine that, because the FCC mandates that transmissions be licensed and operate only in their allocated bands, the signal covering a 1 GHz bandwidth was illegal by its very nature. However, the report also noted that the source of the signal "was undetermined due to the

---

[2] The police report notes that the police found Plaintiff to be "extremely paranoid," and that they detained him for a 72 hour hold and psychiatric evaluation. *See* Exhibit F1 to Plaintiff Anoop Rajkumar's Reply to Cisco Defendant's Motions for Summary Judgement and Evidence for Jury Trial, filed herein on July 10, 2009.

[3] *See* Exhibit G1 to Plaintiff Anoop Rajkumar's Reply to Cisco Defendant's Motions for Summary Judgement and Evidence for Jury Trial, filed herein on July 10, 2009.

[4] *See* Exhibit H2 to Plaintiff Anoop Rajkumar's Reply to Defendant Wipro Ltd's Motions for Summary Judgement and Evidence for Jury Trial, filed herein on July 10, 2009.

wideband, extremely long length waves of the lower frequency component and the fact that the signal was not consistently present."

From the evidence submitted by Plaintiff, the only inferences to be drawn in his favor for purposes of these summary judgment motion are that he encountered some problems at work (such as servers being unexpectedly shut down), that someone may have been bugging his residence or otherwise directing microwave signals to his residence, and that he has suffered from both psychological and financial problems. There is no evidence, however, to link any of this to any wrongful conduct by any of the Defendants to this action.

### IV. CONCLUSION

Plaintiff has failed to submit any evidence that would tend to show any of the Defendants are in any way responsible for the harmful conditions and injuries of which Plaintiff complains. Because Plaintiff has shown no more than his own suspicions regarding the cause of those harmful conditions and injuries, summary judgment in favor of Defendants is mandated. *See Matsushita,* 475 U.S. at 588.

Dated: *10/9/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge

1
2 *Counsel automatically notified of this filing via the court's Electronic Case Filing system.*
3
4 copies mailed on            to:
5 Anoop Rajkumar
  4611 Deerwatch Drive
6 Chantilly, VA  20151
7
8                                              CORINNE LEW
                                               Courtroom Deputy
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28